## C. C. Hinshaw et al. v. The People, for use of Benjamin F. Hinshaw et al.

1.   TRIALS BY THE COURT—*On Conflicting Evidence.*—Where the trial is by the court without a jury, and the evidence is conflicting, it is for the judge hearing the case to reconcile the conflicting testimony and determine where the truth lies.

Debt, on a guardian's bond. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1900. Reversed in part and affirmed in part. Opinion filed September 11, 1900.

ROWELL, NEVILLE & LINDLEY, attorneys for appellants.

HOMER W. HALL and JOHN E. and MAYNE POLLOCK, for appellees.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was an action of debt by the People of the State of Illinois, who sue for the use of Benjamin F. and Pearl N. Hinshaw, appellees, against C. C. Hinshaw, A. J. Hinshaw and H. L. Bell, appellants, tried in the Circuit Court of McLean County without a jury by consent of parties, and resulting in a judgment in favor of appellees, for $3,500 debt and $249.92 damages.

Appellants bring the case to this court by appeal and insist upon a reversal of that judgment on the ground that it is not supported by the evidence.

The declaration is in the usual form upon the following bond:

"Know all men by these presents, that we, C. C. Hinshaw, A. J. Hinshaw and H. L. Bell, of the county of McLean and State of Illinois, are held and firmly bound unto the People of the State of Illinois, for the use of Benjamin F. Hinshaw and Pearl N. Hinshaw, in the penal sum of thirty-five hundred ($3,500) dollars, current money of the United States, to which payment well and truly to be made and performed, we and each of us do hereby bind ourselves,

our heirs, executors, administrators and assigns, jointly, severally, and firmly by these presents.    Witness our hands and seals, this 15th day of May, A. D. 1896.

The condition of this obligation is such, that if the above bounden C. C. Hinshaw, who has been appointed guardian of Benjamin F. Hinshaw and Pearl N. Hinshaw, shall faithfully discharge the office and trust of such guardian according to law, and shall make a true inventory of all the real and personal estate of the wards that shall come into his possession or knowledge, and return the same unto the County Court of McLean County, at the time required by law, and manage and dispose of all such estate, according to law, and for the best interest of said wards, and faithfully discharge his trusts in relation thereto, and to the custody, nurture and education of said wards, and render an account, on oath, of the property in his hands, and of the management and disposition of all such estate, within one year after his appointment, and at such other time as shall be required by law, or directed by the court, and upon removal from office, or at the expiration of his trust settle his accounts in said court, or with the wards, or their legal representatives, and pay over and deliver all the estate, title papers, and effects remaining in his hands, or due from him on such settlement, to the person or persons lawfully entitled thereto, then this obligation shall be void; otherwise to remain in full force and virtue.

C. C. HINSHAW, [SEAL.]
A. J. HINSHAW, [SEAL.]
H. L. BELL.    [SEAL.] "

Among the breaches of the bond the following is assigned :

" That after the appointment of the said C. C. Hinshaw as such guardian, and the making of the said writing obligatory, aforesaid, and before the date of his removal as such guardian, divers sums of money, amounting to a large sum of money, to wit, one thousand ($1,000) dollars, belonging to the said Benjamin F. Hinshaw and Pearl N. Hinshaw, came to his hands as such guardian, yet the said C. C. Hinshaw, not regarding his duty as such guardian, during that time there converted and disposed of the said moneys to his own use, and has neglected and refused and still neglects and refuses to pay over to the said Benjamin F. Hinshaw and Pearl N. Hinshaw, or Homer W. Hall, their duly appointed guardian, who was appointed by the County Court on December 17, 1898, upon the then removal of the

said C. C. Hinshaw as such guardian, and who was then
and there lawfully entitled to such money, and who
then and there requested the said C. C. Hinshaw to pay
over such moneys to him, the said Homer W. Hall, and
plaintiff (appellee) avers that the said C. C. Hinshaw
refused and neglected and still refuses and neglects to pay
over the money in his hands to the said Homer W. Hall,
guardian, belonging to the said Benjamin F. Hinshaw and
Pearl N. Hinshaw."

To the declaration appellants pleaded payment of the
moneys sued for in accordance with the conditions of the
bond, and that they did not execute the bond sued upon,
upon which issues were joined and trial had.

The evidence shows that appellants executed the bond
sued upon, and that C. C. Hinshaw was appointed and
acted as guardian of Arthur J., Ernest and Emery Hinshaw
while he was also guardian of Benjamin F. and Pearl N.
Hinshaw; that while he was such guardian of both sets of
children a partition proceeding was instituted in the Cir-
cuit Court of McLean County, Illinois, to divide certain
lands in that county owned by the wards of C. C. Hinshaw
and some others, in which proceeding C. C. Hinshaw and
his wards and the others owning the lands were parties; and
that a decree of partition was entered in that proceeding
in which, among other things, the court decreed 160 acres of
the land to Arthur J., Ernest and Emery Hinshaw together,
they to pay a receiver named in the decree the sum of $900
as owelty, on or before February 20, 1896; and the receiver
was ordered to pay $200 thereof to the guardian of Benja-
min F. and Pearl N. Hinshaw, to equalize them in being
awarded together only eighty acres of the land. Mr. Pol-
lock, a witness for appellee, testified that he was the solicitor
in that partition proceeding, and after the decree had been
entered therein he went to C. C. Hinshaw, as guardian of
Arthur J., Ernest and Emery Hinshaw, and requested him
to pay the receiver the $900 owelty money, according to
the terms of the decree, so the partition proceeding could
be wound up, and that C. C. Hinshaw soon thereafter paid
those to whom $700 of the $900 owelty money was going,

under the terms of the decree, and then promised that he would receipt the receiver as guardian of Benj. F. and Pearl N. Hinshaw for the $200 thereof coming to him for them, and charge himself, as their guardian, therewith, after which the partition case was closed and it went off the docket of the court. The report of C. C. Hinshaw, made to the County Court of McLean County, as guardian of Benj. F. and Pearl N. Hinshaw, dated October 1, 1898, contains, among others, the following statement:

"There is also due from me as guardian of the three older half-brothers, the sum of $200 and the interest on the same from March 1, 1896, amounting in all to $230."

Homer W. Hall, who was appointed on October 27, 1898, guardian of Benj. F. and Pearl N. Hinshaw to succeed C. C. Hinshaw, testified that he had received from C. C. Hinshaw, as such former guardian, since he was removed and he (Hall) appointed, the sum of $596.56, which was all that the report of C. C. Hinshaw showed was in his hands as such former guardian, except the $230 owelty money, and as to that C. C. Hinshaw promised he would fix it when he collected it from the other wards, to whom, as guardian, he had loaned it.

To contradict this testimony C. C. Hinshaw testified in his own behalf that he never did in fact receive the $200 owelty money, and that while he had received $4,336.98 as guardian of Arthur J., Ernest and Emery Hinshaw, he had paid out for them the sum of $4,268.21 for their education and care, and for necessary improvements put upon their 160 acres of land, and denied making the statement sworn to by Mr. Pollock, and offered in evidence his report to the County Court as guardian of Arthur J., Ernest and Emery Hinshaw, to the effect that he had received $4,336.98, as such guardian, and had paid out for them the sum of $4,268.21, giving the items of receipts and items paid out (none of which, however, showed the payment of the $200 owelty money in dispute in this case), and that the report had the approval of the County Court, and that from such approval an appeal was taken by his wards (as objectors to the report) to the Circuit Court of McLean County, where the report

as approved by the County Court was sustained, except that C. C. Hinshaw, as such guardian, was charged with $400 sale notes which he had not reported, and one of his credits was reduced from $91.58 to $52.98.

From this evidence counsel for appellants contend that the court was not warranted in finding, as it did, for appellees in the sum of $200 owelty money and $49.92 interest thereon. But it seems plain to us that, if the testimony of Mr. Pollock is to be believed—and it was for the court to determine as between him and C. C. Hinshaw, which should be believed—then C. C. Hinshaw did or ought to have charged his wards Arthur J., Ernest and Emery Hinshaw, with the $200 owelty money in question, and ought to have credited his wards Benj. F. and Pearl N. Hinshaw therewith; and besides, from the statement which C. C. Hinshaw made in his report as guardian of the latter wards, dated October 1, 1898, to the effect that he owed them in addition to the other sum mentioned in that report, the sum of $200, with interest from March 1, 1896, we are of the opinion that the Circuit Court was justified in finding that he owed the usees herein the $200 owelty money and interest thereon at five per cent per annum, from March 1, 1896, to March 31, 1900 (the date of the judgment), which interest amounts to $40.83, instead of $49.92, as found by that court.

We therefore affirm the judgment for $240.83 and reverse it for the excess of $9.09, and will order one-half of the costs in this court taxed to appellees and the other half to appellants. Reversed in part and affirmed in part.